UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------ x

TERESA SALVATI,

                          Plaintiff,

         – against –

STILLWELL SUPPLY CO. d/b/a STILLWELL
EQUIPMENT CORP., and WILLIAM CONFORTI and
ROBERT CONFORTI, individually and in their capacity
as joint shareholders of Stillwell Equipment Corp,

                          Defendants.

------------------------------------------------ x

**COMPLAINT**

Case No. _____

Jury Trial Requested

Plaintiff Teresa Salvati, by and through her attorneys, Sapir Schragin LLP, for her Complaint against Stillwell Supply Co. d/b/a Stillwell Equipment Corp. ("Stillwell"), William Conforti, and Robert Conforti (collectively referred to herein as "Defendants"), alleges as follows:

## NATURE OF ACTION

1.      Ms. Salvati was a valuable employee for Defendants for 19 years. Despite her track record of success, her employment was summarily terminated in January 2018 for no other reason than Defendants' desire to replace her with a younger, prettier, thinner female employee who better matched the discriminatory and sexist ideals of what management wanted to portray through their female employees.

2.      Before that, Ms. Salvati was subjected to months of discrimination and harassment at the hands of Defendant and the other men working with her. She was constantly berated by her manager, Defendant William Conforti, and physically threatened by him. She was forced to handle menial tasks for all the men in the office and was subjected to different rules than the men, who

could do whatever they wanted while Ms. Salvati was questioned about the slightest deviation from the rules. It was as if Defendants' workplace reverted back to the 1950s.

3. During her employment, Defendants also flouted the wage and hour laws by intentionally misclassifying her as an "office manager" to avoid statutory obligations, failing to pay her overtime, forcing her to change her timesheets to avoid paying her overtime, and forcing her to work through lunch without pay.

4. As a result of Defendants' conduct, Ms. Salvati suffered significant amounts of lost wages and income and severe emotional distress.

## CLAIMS, JURISDICTION, AND VENUE

5. Ms. Salvati brings this action to address the wrongdoing perpetrated against her and seeks legal and equitable relief for Defendants' violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the New York State Labor Law ("NYSLL") Article 19, §§ 650 *et seq.*, and the applicable regulations of the New York State Department of Labor, 12 N.Y.C.R.R. Part 142, NYSLL Article 6, §§ 190 *et seq.*, the New York State Human Rights Law, Executive Law §§ 290 *et seq.* ("NYSHRL"), and the Westchester County Human Rights Law, Westchester County Code of Ordinances §§ 700 *et seq.* ("WCHRL").

6. Ms. Salvati will be filing a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and intends to amend this Complaint to add claims for discrimination under Title VII of the Civil Rights Act, the Americans with Disabilities Act, and the Age Discrimination in Employment Act following the issuance of a Notice of Right to Sue by the EEOC.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Ms. Salvati's claims are brought pursuant to a federal statute, FLSA, 29 U.S.C. § 216(b).

8. This Court has supplemental jurisdiction over the claims arising under New York state law pursuant to 28 U.S.C. § 1367(a) because the New York state law claims are so closely related to Ms. Salvati's federal claims as to form the same case or controversy.

9. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because Ms. Salvati worked for Defendants in Elmsford, Westchester County, New York, within the Southern District of New York, Defendants conduct business in this District, and the acts and omissions giving rise to the claims alleged took place in this District.

## THE PARTIES

10. Ms. Salvati resides in the Bronx, in Bronx County, New York.  She was employed in Elmsford, Westchester County, New York by Defendants from on or about July 24, 1999 through January 12, 2018.

11. At all relevant times, Ms. Salvati was an employee of Defendants within the meaning of the FLSA, the NYSLL, the NYSHRL, and the WCHRL.

12. Defendant Stillwell is a family-owned distributor of construction equipment with its principal place of business located at 44-68 Vernon Boulevard, Long Island City, New York. Ms. Salvati worked at Defendant Stillwell's 233 Tarrytown Road, Elmsford, New York location ("Elmsford Location").

13. Upon information and belief, Defendants William Conforti and Robert Conforti are the only two shareholders of Defendant Stillwell.

14. Ms. Salvati intends to hold Defendants William Conforti and Robert Conforti, shareholders of Defendant Stillwell, jointly and severally liable for her unpaid overtime wages, pursuant to New York Business Corporation Law § 630(a).

15. Defendants William Conforti and Robert Conforti have complete operational control of the business and run the day-to-day operations of the Elmsford Location. Both maintain the authority to hire and fire employees, supervise and control employee work schedules and conditions of employment, determine the rate and method of payment to employees, and maintain employee records. Defendant William Conforti controlled Ms. Salvati's work schedule, her duties and responsibilities, and her conditions of employment and determined the rate and method of payment of her wages.

16. At all relevant times, each Defendant was an employer within the meaning of the FLSA, the NYSLL, the NYSHRL, and the WCHRL.

17. At all relevant times, Defendants operated and engaged in interstate commerce, within the meaning of the FLSA, as it is a business that provides construction equipment for purchase or for rent and generates revenues from such sales and rentals.

18. Upon information and belief, the annual amount of business done by Defendant Stillwell exceeds $500,000.00 during the relevant time period.

19. At all relevant times, Ms. Salvati was engaged in commerce subject to individual coverage under the FLSA.

## STATEMENT OF FACTS

**A.  Discrimination and Harassment Against Ms. Salvati**

20. Ms. Salvati was employed as an office clerk at the Elmsford Location.

21. Ms. Salvati suffered from disabilities in that she suffered from hypothyroidism, obesity caused by the hypothyroidism and post-cancer medication, and a limp from a torn meniscus.

22. Defendants William Conforti and Robert Conforti hired Ms. Salvati and she reported to Defendant William Conforti, who managed the Elmsford Location, from the beginning of her employment through 2007.

23. From approximately 2007 through July 2017, a manager was hired for the Elmsford Location and Defendant William Conforti departed to work in the Long Island City location.

24. After Defendants terminated the employment of the Elmsford Location manager, Defendant William Conforti returned to working in the Elmsford Location in July 2017 and Ms. Salvati began reporting to him again.

25. Upon Defendant William Conforti's return to the Elmsford Location, Ms. Salvati was the only remaining woman working in the office out of five employees. The Company had been systematically eliminating women from the Elmsford Location. This did not bode well for Ms. Salvati.

26. Ms. Salvati immediately noticed a change in the way she was treated by Defendant William Conforti. He began targeting her and holding her to different terms and conditions than the men. Moreover, the behavior he modeled to the other men in the office set the tone for the treatment of her by the other men.

27. Defendant William Conforti allowed the men to use the bathroom without questioning their timing. If Ms. Salvati needed to use the bathroom, she had to first ask Defendant William Conforti for permission. If Ms. Salvati did not notify him, upon her return to her desk Defendant William Conforti would make comments such as "you didn't *tell* me you were going to the bathroom."

28. Defendant William Conforti allowed the men to take their lunch breaks without question or interruption. Ms. Salvati was required to remain at her desk through lunch and work.

During the time she had her lunch on her desk, Defendant William Conforti would question the work she was doing and the phone calls she answered to make sure they were work-related and not personal.

29. Defendant William Conforti repeatedly pummeled his fist into the back of Ms. Salvati's chair. Not only was this shocking and upsetting to her, it physically threatened her. He then made lame excuses for his actions by saying he thought she was sleeping on the job when Ms. Salvati was clearly looking down through her glasses at invoices and other paperwork. He never did this to the men because he knew he could get away with it because he perceived Ms. Salvati as a weaker female.

30. Defendant William Conforti allowed the men to take smoking and/or rest breaks and move freely around the office. If Ms. Salvati stood up from her desk to stretch her knee with the torn meniscus for even a minute, he would yell at her saying, "What? Don't you have enough work to do?"

31. Defendant William Conforti interrupted, accused, and chastised Ms. Salvati for taking personal calls when she was actually on the phone with long-time customers. Ms. Salvati worked for Defendant Stillwell for 19 years and maintained a cordial relationship with many of the customers. She would joke with the customers and also ask about their families. Defendant William Conforti found this conduct inappropriate for a female but never questioned any male employees if they laughed, joked, or acted cordial with anyone during phone calls.

32. Reminiscent of the expectations of women in the workplace during the previous century, Defendant William Conforti and the men in the office required Ms. Salvati be the sole employee responsible for menial tasks such as making the coffee for all the men, keeping change in the till, and restocking paper and toner in the printer.

33. Upon information and belief, Defendants provided the male employees with annual raises, but no raises were provided to Ms. Salvati or other women who previously worked for the Company.

34. After months of harassing Ms. Salvati and treating her different than the men in the office, Defendant William Conforti suddenly terminated her employment on January 12, 2018. Ms. Salvati was not accused of any wrongdoing or poor performance and had apparently done nothing to warrant the termination of her employment. She was not offered her job back.

35. Unlike Ms. Salvati, who had her employment terminated for no legitimate reason and not offered her job back, Defendants on a number of occasions terminated the employment of male employees for egregious wrongdoing only to turn around and rehire them shortly thereafter.

36. Upon information and belief, Defendants terminated the employment of a male employee who allegedly embezzled money from the Company and then rehired him within several months.

37. Upon information and belief, Defendants terminated the employment of a male employee who allegedly sexually harassed a female employee and then reinstated his employment several weeks later.

38. Following the termination of Ms. Salvati's employment, she was replaced by a younger female employee who was viewed by Defendants (and the men at the Elmsford Location) as thinner and prettier than Ms. Salvati and more in line with the image Defendants wanted to portray for their Company.

**B.      Wage and Hour Violations**

39.     Throughout her employment with Defendants, Ms. Salvati was a non-exempt employee pursuant to the FLSA and the NYLL and was entitled to overtime compensation, which she did not receive.

40.     Ms. Salvati's primary job duties were clerical in nature and included answering phones, faxing paperwork, sorting mail, completing bank deposit slips, handwriting timesheet entries for employees, performing data entry of packing lists and invoices, and scheduling company vehicles for routine maintenance.

41.     Ms. Salvati's job involved mechanical, repetitive and routine work under the direction and supervision of Defendant William Conforti, and the former Elmsford Location manager.

42.     Defendants intentionally and willfully used the title of "Office Manager/Admin" to misclassify Ms. Salvati as an exempt employee (believing that anointing her a "manager" or "administrative assistant" would necessarily create exempt status), and avoid the legal obligation to properly compensate Ms. Salvati for her overtime hours.

43.     Ms. Salvati did not exercise discretion and independent judgment with respect to matters of significance, in the performance of her duties.  She did not have the authority to formulate, affect, interpret, or implement management policies.  She did not have authority to deviate from policies and procedures.  Ms. Salvati did not manage the business or the location at which she worked.  She could not commit the Defendants to matters of significant financial impact.  She did not perform work that affected business operations to a significant degree.  Ms. Salvati did not supervise any employees and could not hire or fire anyone.  Ms. Salvati was not an exempt employee and was entitled to the payment of overtime wages, which she did not receive.

44. At the time of the termination of her employment, Ms. Salvati was paid $22.00 per hour.

45. Ms. Salvati's schedule was from 7:30 a.m. to 4:00 p.m, with a ½ hour lunch break.

46. Ms. Salvati rarely (if ever) worked from 7:30 a.m. to 4:00 p.m., with a ½ hour lunch break free from all work.

47. Throughout her employment, Ms. Salvati regularly worked Monday through Friday, beginning at 7:30 a.m.

48. Defendants deducted ¼ of an hour from Ms. Salvati's hourly pay at least twice each week for being 1-7 minutes late due to traffic or inclement weather.

49. Throughout Ms. Salvati's employment, Defendants required Ms. Salvati to perform her assigned duties during her lunch break each day.

50. Defendants never paid Ms. Salvati for the ½ hour she worked during her lunch break each day.

51. Throughout her employment, Ms. Salvati worked an extra ¼ hour, until 4:15 p.m., at least three times each week, but was never paid for this time.

52. Defendants required Ms. Salvati to enter 7:30 a.m. as her start time and 4:00 p.m. as her end time, including a ½ hour lunch break, on all timesheets throughout her employment regardless of the hours she actually worked.

53. Defendant William Conforti and the other ten-year interim manager of the Elmsford Location reviewed the timesheets Ms. Salvati filled in by hand for each Elmsford Location employee. Both instructed her to make changes each week to reflect times different from what the employees actually worked.

54. On the occasions when Ms. Salvati entered the actual hours worked on her timesheets, Defendant William Conforti, with knowledge of her real hours worked, instructed Ms. Salvati to change her timesheet to reflect her scheduled hours for each day and stated, "I don't want to pay overtime," despite the fact that she had worked overtime and he knew that she had worked overtime. The other manager also instructed Ms. Salvati to alter timesheets for herself and the other employees.

55. Defendant William Conforti controlled the data on the timesheets by requiring his initials be on the timesheets before an employee in the Long Island City location could process the payroll.

56. Ms. Salvati worked a total of at least 30 minutes each week for which she was not paid her regular hourly rate because Defendant docked her pay by ¼ hour at least twice each week.

57. Ms. Salvati worked an additional 3.25 hours each week, in excess of 40 hours, for which she was not paid overtime compensation at 1.5 times her regular hourly rate.

58. Upon information and belief, Defendants have the handwritten time records for Ms. Salvati.

59. Upon information and belief, Defendants maintained inaccurate, altered time records for Ms. Salvati and failed to properly compensate her for the regular work hours and overtime hours she worked beyond 40 in a workweek.

60. The amount of overtime wages owed to Ms. Salvati has yet to be determined in the absence of accurate and complete time records for her.

## **FIRST CAUSE OF ACTION**
### (Unpaid Overtime Wages Due under the Fair Labor Standards Act)

61. Plaintiff repeats and realleges each allegation contained in paragraphs 1 through 61 of the Complaint as if fully set forth herein.

62. Plaintiff regularly worked in excess of forty hours per week during her employment with Defendants.

63. At all relevant times, Plaintiff was an employee and Defendants were employers within the meaning of the FLSA.

64. The overtime wage provisions of the FLSA apply to Defendants.

65. Defendants intentionally misclassified Plaintiff as an exempt employee for the sole purpose of avoiding the payment of overtime compensation to her.

66. Defendants knowingly failed to pay Plaintiff overtime wages at one and one-half the regular hourly rate to which she was entitled under the FLSA for all hours she worked in excess of 40 in each work week.

67. Defendants' violations were willful and without good faith or a reasonable basis to believe that the failure to pay overtime wages was lawful.

68. As a result of Defendants' willful violations of the FLSA, Plaintiff has suffered damages by being denied overtime wages.

69. Because Defendants' violations of the FLSA, including improperly classifying Plaintiff as an exempt employee and failing to pay her overtime compensation for hours worked in excess of 40 in a week, were willful, a three-year statute applies to each violation, pursuant to 29 U.S.C. § 255.

70. As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts,

liquidated damages, interest, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
**(Unpaid Overtime Wages Due under the New York State Labor Law)**

71. Plaintiff repeats and realleges each allegation contained in paragraphs 1 through 61 of the Complaint as if fully set forth herein.

72. Plaintiff regularly worked in excess of forty hours per week during her employment with Defendants.

73. At all relevant times, Plaintiff was an employee and Defendants were employers within the meaning of the NYSLL.

74. The overtime wage provisions of Article 19 of the NYSLL and the supporting regulations apply to Defendants.

75. Defendants intentionally misclassified Plaintiff as an exempt employee for the sole purpose of avoiding the payment of overtime compensation to her.

76. Defendants knowingly failed to pay Plaintiff the overtime wages to which she was entitled under the NYSLL for all hours she worked in excess of 40 in each work week.

77. Defendants willfully violated NYSLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

78. Defendants' conduct, as described herein, constitutes a willful violation of the NYSLL without a good faith or reasonable basis to believe that the failure to pay overtime wages was lawful.

79. Due to Defendants' willful violations of the NYSLL, Plaintiff is entitled to recover her unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, and interest, and other legal and equitable relief as this Court deems just and proper.

## THIRD CAUSE OF ACTION
### (Unpaid and Earned Compensation Due under the New York State Labor Law)

80. Plaintiff repeats and realleges each allegation contained in paragraphs 1 through 61 of the Complaint as if fully set forth herein.

81. At all relevant times, Plaintiff was an employee and Defendants were employers within the meaning of the NYSLL.

82. Plaintiff and Defendants agreed that Defendants would pay Plaintiff for each hour worked and would permit Plaintiff a ½ hour lunch break free from all work duties.

83. Defendants willfully and unlawfully withheld Plaintiff's agreed upon wages for one half hour of work during each lunch break and for the time she was docked pay due to improper rounding up done by the Defendants.

84. Defendants failed to pay Plaintiff all "wages" in a timely manner as defined by NYLL §§ 190 *et seq*.

85. Due to Defendants' willful violations of the NYSLL, Plaintiff is entitled to recover her earned compensation, liquidated damages, reasonable attorneys' fees and costs, and interest, and other legal and equitable relief as this Court deems just and proper.

## FOURTH CAUSE OF ACTION
### (Gender Discrimination under the New York State Human Rights Law)

86. Plaintiff repeats and realleges each allegation contained in paragraphs 1 through 61 of the Complaint as if fully set forth herein.

87. At all relevant times, Plaintiff was an employee and Defendants were employers within the meaning of the NYSHRL.

88. Defendants unlawfully discriminated against Plaintiff, on an ongoing and continuing basis during her employment, through the disparate and preferential treatment of males, harassment, and the unlawful termination of Plaintiff's employment.

89. As a result of Defendants' discriminatory treatment, Plaintiff suffered lost wages, benefits, and other pecuniary damages.

90. As a result of Defendants' discriminatory treatment, Plaintiff has and continues to suffer emotional distress, pain and suffering, and physical and mental anguish.

91. Due to Defendants' violations of the NYSHRL, Plaintiff is entitled to recover her compensatory damages including emotional distress damages, reasonable attorneys' fees and costs, and other legal and equitable relief as this Court deems just and proper.

### FIFTH CAUSE OF ACTION
**(Disability Discrimination under the New York State Human Rights Law)**

92. Plaintiff repeats and realleges each allegation contained in paragraphs 1 through 61 of the Complaint as if fully set forth herein.

93. At all relevant times, Plaintiff was an employee and Defendants were employers within the meaning of the NYSHRL.

94. Defendants unlawfully discriminated against Plaintiff, on an ongoing and continuing basis during her employment because of he disability, through the disparate and preferential treatment of non-disabled employees, harassment, and the unlawful termination of Plaintiff's employment.

95. As a result of Defendants' discriminatory treatment, Plaintiff suffered lost wages, benefits, and other pecuniary damages.

96. As a result of Defendants' discriminatory treatment, Plaintiff has and continues to suffer emotional distress, pain and suffering, and physical and mental anguish.

97. Due to Defendants' violations of the NYSHRL, Plaintiff is entitled to recover her compensatory damages including emotional distress damages and other legal and equitable relief as this Court deems just and proper.

## SIXTH CAUSE OF ACTION
### (Age Discrimination under the New York State Human Rights Law)

98. Plaintiff repeats and realleges each allegation contained in paragraphs 1 through 61 of the Complaint as if fully set forth herein.

99. At all relevant times, Plaintiff was an employee and Defendants were employers within the meaning of the NYSHRL.

100. Defendants unlawfully and willfully discriminated against Plaintiff, on the basis of her age by terminating her employment in favor of a younger employee.

101. As a result of Defendants' discriminatory treatment, Plaintiff suffered lost wages, benefits, and other pecuniary damages.

102. As a result of Defendants' discriminatory treatment, Plaintiff has and continues to suffer emotional distress, pain and suffering, and physical and mental anguish.

103. Due to Defendants' violations of the NYSHRL, Plaintiff is entitled to recover her compensatory damages including emotional distress damages and other legal and equitable relief as this Court deems just and proper.

## SEVENTH CAUSE OF ACTION
### (Gender Discrimination under the Westchester County Human Rights Law)

104. Plaintiff repeats and realleges each allegation contained in paragraphs 1 through 61 of the Complaint as if fully set forth herein.

105. At all relevant times, Plaintiff was an employee and Defendants were employers within the meaning of the WCHRL.

106. Defendants willfully discriminated against Plaintiff, on an ongoing and continuing basis during her employment, through the disparate and preferential treatment of males, harassment, and the unlawful termination of Plaintiff's employment.

107. As a result of Defendants' discriminatory treatment, Plaintiff suffered lost wages, benefits, and other pecuniary damages.

108. As a result of Defendants' discriminatory treatment, Plaintiff has and continues to suffer emotional distress, pain and suffering, and physical and mental anguish.

109. Due to Defendants' violations of the WCHRL, Plaintiff is entitled to recover her compensatory damages including emotional distress damages, punitive damages, reasonable attorneys' fees and costs, and other legal and equitable relief as this Court deems just and proper.

## EIGHTH CAUSE OF ACTION
**(Disability Discrimination under the Westchester County Human Rights Law)**

110. Plaintiff repeats and realleges each allegation contained in paragraphs 1 through 61 of the Complaint as if fully set forth herein.

111. At all relevant times, Plaintiff was an employee and Defendants were employers within the meaning of the WCHRL.

112. Defendants unlawfully and willfully discriminated against Plaintiff, on an ongoing and continuing basis during her employment on the basis of her disabilities, through the disparate and preferential treatment of non-disabled employees, harassment, and the unlawful termination of Plaintiff's employment.

113. As a result of Defendants' discriminatory treatment, Plaintiff suffered lost wages, benefits, and other pecuniary damages.

114. As a result of Defendants' discriminatory treatment, Plaintiff has and continues to suffer emotional distress, pain and suffering, and physical and mental anguish.

115. Due to Defendants' violations of the WCHRL, Plaintiff is entitled to recover her compensatory damages including emotional distress damages, punitive damages and other legal and equitable relief as this Court deems just and proper including assessment of a civil penalty against Defendants.

## NINTH CAUSE OF ACTION
### (Age Discrimination under the Westchester County Human Rights Law)

116. Plaintiff repeats and realleges each allegation contained in paragraphs 1 through 61 of the Complaint as if fully set forth herein.

117. At all relevant times, Plaintiff was an employee and Defendants were employers within the meaning of the WCHRL.

118. Defendants unlawfully and willfully discriminated against Plaintiff, on the basis of her age by terminating her employment in favor of a younger employee.

119. As a result of Defendants' discriminatory treatment, Plaintiff suffered lost wages, benefits, and other pecuniary damages.

120. As a result of Defendants' discriminatory treatment, Plaintiff has and continues to suffer emotional distress, pain and suffering, and physical and mental anguish.

121. Due to Defendants' violations of the WCHRL, Plaintiff is entitled to recover her compensatory damages including emotional distress damages, punitive damages and other legal and equitable relief as this Court deems just and proper.

**WHEREFORE**, Plaintiff prays for the following relief:

A. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA, the NYSHRL, the WCHRL, and the NYSLL and the supporting regulations;

B. An injunction requiring Defendants to pay all statutorily-required wages pursuant to the NYSLL;

C. On the First Cause of Action for unpaid overtime wages, an award of one hundred percent of all unpaid overtime amounts, an additional equal amount as liquidated damages, interest, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. § 216(b), all in an amount to be determined by this Court;

D. On the Second Cause of Action for unpaid overtime wages, an additional award of one hundred percent of all unpaid overtime amounts, an additional equal amount as liquidated damages, reasonable attorneys' fees and costs, interest, and other legal and equitable relief as this Court deems just and proper pursuant to NYSLL and the supporting New York State Department of Labor regulations, all in an amount to be determined by this Court;

E. On the Third Cause of Action for unpaid and earned compensation, an additional award of one hundred percent of all wages due to Plaintiff, an additional equal amount as liquidated damages, reasonable attorneys' fees and costs, and interest, and other legal and equitable relief as this Court deems just and proper pursuant to NYSLL and the supporting New York State Department of Labor regulations, all in an amount to be determined by this Court;

F. On the Fourth Cause of Action for gender discrimination, her lost wages and other benefits and an additional award of compensatory damages including emotional distress damages,

reasonable attorneys' fees and costs, and other legal and equitable relief as this Court deems just and proper, all in an amount to be determined by this Court;

      G.      On the Fifth Cause of Action for disability discrimination, her lost wages and other benefits and an additional award of compensatory damages including emotional distress damages and other legal and equitable relief as this Court deems just and proper, all in an amount to be determined by this Court;

      H.      On the Sixth Cause of Action for age discrimination, her lost wages and other benefits and an additional award of compensatory damages including emotional distress damages and other legal and equitable relief as this Court deems just and proper, all in an amount to be determined by this Court;

      I.      On the Seventh Cause of Action for gender discrimination, her lost wages and other benefits and an additional award of compensatory damages including emotional distress damages, punitive damages, reasonable attorneys' fees and costs, and other legal and equitable relief as this Court deems just and proper, all in an amount to be determined by this Court;

      J.      On the Eighth Cause of Action for disability discrimination, her lost wages and other benefits and an additional award of compensatory damages including emotional distress, punitive damages and other legal and equitable relief as this Court deems just and proper including assessment of a civil penalty against Defendant, all in an amount to be determined by this Court;

      K.      On the Ninth Cause of Action for age discrimination, her lost wages and other benefits and an additional award of compensatory damages including emotional distress, punitive damages and other legal and equitable relief as this Court deems just and proper, all in an amount to be determined by this Court;

      L.      Applicable pre- and post-judgment interest;

M. Attorneys' fees and costs; and

N. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues in this action properly triable before a jury.

Dated: White Plains, New York
May 1, 2018

**SAPIR SCHRAGIN LLP**

By: *Howard Schragin*
Howard Schragin, Esq.
Kelly Jines, Esq.
399 Knollwood Road, Suite 310
White Plains, New York 10603
(914) 328-0366
(914) 682-9128 (fax)
E-Mail: hschragin@sapirschragin.com
kjines@sapirschragin.com
*Attorneys for Plaintiff Teresa Salvati*