```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
TERESA SALVATI,                     :
                                    :
                        Plaintiff,  :
                                    :
        – against –                 :
                                    :
                                    :   Case No. 18-cv-03924-VB
                                    :
STILLWELL SUPPLY CO. d/b/a STILLWELL :
EQUIPMENT CORP., and WILLIAM CONFORTI and :
ROBERT CONFORTI, individually and in their capacity :
as joint shareholders of Stillwell Equipment Corp,  :
                                    :
                        Defendants. :
                                    :
                                    :
------------------------------------x
```

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Agreement and General Release (the "Agreement") is entered into between Teresa Salvati ("Plaintiff"), Stillwell Supply Co., Stillwell Equipment Corp. ("Stillwell"), William Conforti and Robert Conforti (collectively, "Defendants"). Plaintiff and Defendants are referred to herein as "the Parties".

**WHEREAS**, Plaintiff has commenced a legal action entitled *Teresa Salvati v. Stillwell Supply Co. d/b/a Stillwell Equipment Corp.[1], William Conforti and Robert Conforti*, Case No. 18-cv-03924-VB in the Southern District of New York asserting various claims against Defendants (the "Lawsuit"), including alleged violations of the Fair Labor Standards Act and New York State Labor Law and alleged violations of the anti-discrimination provisions of the New York State Human Rights Law and Westchester County Human Rights Law;

**WHEREAS**, Defendants have adamantly denied Plaintiff's material allegations in the Lawsuit;

**WHEREAS**, Plaintiff and Defendants acknowledge the existence of a *bona fide* dispute concerning Plaintiff's entitlement to the monies claimed in the Lawsuit;

**WHEREAS**, Plaintiff and Defendants have agreed to finally and fully settle claims that were or could have been asserted against the other upon the terms and conditions set forth herein;

---

[1] Stillwell Supply Co. and Stillwell Equipment Corp. are two separate and distinct entities. However, it is disputed whether Plaintiff worked at only one of the Defendant entities or both, and as such Plaintiff has agreed to release Stillwell Supply Co. and Stillwell Equipment Corp. as part of the settlement.

**NOW THEREFORE**, in consideration of the mutual promises and covenants contained herein, it is agreed as follows:

1. **Releases**.

    (A) <u>By Plaintiff</u>: In consideration of the promises and undertakings set forth in this Agreement, Plaintiff hereby unconditionally and irrevocably releases, waives, discharges and gives up any and all Claims (as defined below) that Plaintiff has or may have against Defendants, their respective past and present successors, assigns, affiliated entities, clients and their respective past and present owners, directors, officers, agents, managers, employees, insurers, and attorneys, both individually and in their official capacities. "<u>Claims</u>" means any and all actions, charges, complaints, controversies, demands, causes of action, suits, rights, and/or claims whatsoever for any compensation including back wages, front pay, bonuses or awards, debts, sums of money, consulting fees, wages, salary, overtime pay, commissions, bonuses, stock options, equity grants, severance pay, separation pay, vacation pay, sick pay, fees and costs, attorneys' fees, interest, whether brought by Plaintiff or by any third party or governmental agency on Plaintiff's behalf, and wage related losses, penalties, or damages arising from or relating to anything that happened up to and including the date Plaintiff signs this Agreement. Nothing in this Paragraph 1(A) shall preclude Plaintiff from enforcing the terms of this Agreement against Defendants. Any language to the contrary herein notwithstanding, nothing in this Agreement shall operate to bar or limit any claim of the Plaintiff for physical injury made pursuant to New York's Worker's Compensation Law. Notwithstanding the terms of this paragraph 1(A), this Agreement shall not extend to those rights which as a matter of law cannot lawfully be waived.

    (B) <u>By Defendants</u>. Defendants unconditionally and irrevocably give up and release, to the fullest extent permitted by law, Plaintiff, Plaintiff's heirs, agents and successors, jointly and severally, of and from any and all actions, charges, complaints, controversies, demands, causes of action, suits and/or claims, known or unknown, that Defendants have or may have against Plaintiff for anything arising from or relating to Plaintiff's employment with Defendants up to and including the date the Agreement is signed by Plaintiff and Defendants. Nothing in this Paragraph 1(B) shall preclude Defendants from enforcing the terms of this Agreement against Plaintiff. Notwithstanding the terms of this paragraph 1(B), this Agreement shall not extend to those rights which as a matter of law cannot lawfully be waived.

2. **Payments to Plaintiff**. In consideration for the promises made by Plaintiff set forth in the Agreement, Defendants promise to pay Plaintiff the total sum of Five Thousand Dollars and Zero Cents ($5,000.00) (the "Settlement Payment"), such payment to be made upon approval of this settlement by the Court and paid as follows:

  (A) One check payable to Plaintiff in the amount of Two Thousand, Five Hundred and Zero Cents ($2,500.00), less withholding of all applicable federal, state and local taxes for which Defendants will issue Plaintiff a Form W-2 at the end of the applicable tax year; and

  (B) One check payable to Plaintiff in the amount Two Thousand, Five Hundred and Zero Cents ($2,500.00), representing liquidated damages from which no withholdings shall be taken, and for which Defendants will issue Plaintiff a Form 1099 at the end of the applicable tax year.

3. **Settlement of Claims**.  Except as otherwise stated, upon execution of this Agreement, all claims brought by Plaintiff against Defendants are without admission that Plaintiff has established any such claims or that Plaintiff has incurred any damages, shall be deemed settled, satisfied and resolved.

4. **No Other Claims**.  Plaintiff represents that, other than the Lawsuit, she has no pending lawsuits, charges, administrative proceedings, or other claims of any nature whatsoever against Defendants in any state or federal court, or before any agency or other administrative body.  Plaintiff further represents that, as of the date of execution, she has not contacted any governmental agency with jurisdiction over wage and hour laws regarding any potential or alleged violations of Defendants encompassing the claims alleged in the Lawsuit for the period of time covered by the Lawsuit, and that, unless she possesses claims that accrue hereafter against Defendants, she will not do so in the future to the extent this prohibition regarding contact is permitted by law.

5. **Covenant Not to Sue**.  Plaintiff shall not hereafter directly or indirectly commence, continue, assist or participate in any lawsuit, charge, claim or proceeding, in any forum (including but not limited to any court or agency, with the exceptions discussed in Paragraphs 1(A) and 1(B) above), against Defendants arising out of or relating to any allegation or claim concerning Plaintiff's alleged unpaid wages with Defendants, or all claims referred to or identified in the various correspondence, pleadings, etc. to and between the parties' respective law firms, unless directed by court order or subpoena.

6. **Dismissal of the Lawsuit**.  Simultaneous with the submission of this Agreement to the Court for approval, Plaintiff shall execute and deliver to the Court a Stipulation of Dismissal discontinuing the Lawsuit in its entirety, with prejudice, and with each side bearing its own fees and costs, in the form annexed hereto as Exhibit A. The Parties consent and agree that the Stipulation of Dismissal submitted to the Court under this paragraph shall have no force or effect unless and until the Court approves this Agreement in its entirety.

7. **Mutual Non-Disparagement**.  The Parties agree that, at all times following the signing of this Agreement, the Parties shall not publish or communicate to any person any Disparaging remarks, comments or statements concerning the other party.  For purposes of this Agreement, the term "Disparaging" shall mean remarks, comments, statements, or communications (written or oral) that impugn

the character, honesty, integrity, morality, business acumen or abilities of the party being remarked or commented upon. The term "Disparaging" shall not include truthful remarks, comments, statements or communications (written or oral) regarding the facts underlying Plaintiff's wage and hour claims or her experience litigating this case.

8. **Confidentiality**. Neither party shall make any statements, whether oral or written, to any third party, including responding to or in any way participating in or contributing to any public discussion, notice or other publicity as well as notifying any member of the media or press, or advertising to the general public at large, concerning, or in any way relating to, the Lawsuit or the circumstances of Plaintiff's employment with Defendants or separation therefrom. If such disclosure is made, the disclosing Party shall immediately instruct the person to whom the disclosure is made that the information disclosed must be kept strictly confidential. Notwithstanding the foregoing, nothing in this paragraph shall preclude Plaintiff from discussing, disclosing or otherwise disseminating to any third party, including current and former employees of Defendants, any information about the alleged violations of the wage and hour laws as set forth in this Lawsuit, the terms of this Agreement, or anything else related to Plaintiff's employment with Defendants with respect to alleged violations of the wage and hour laws by Defendants. Nothing in this paragraph should be construed as an exemption or waiver of Plaintiff's obligation to abide by the aforementioned Mutual Non-Disparagement provision.

9. **Approval By Court and Retention of Jurisdiction**. Once this Agreement is fully signed by the Parties, Plaintiff's counsel shall prepare and file a letter on behalf of the Parties to the Court explaining that the Parties' settlement of Plaintiff's FLSA claims as part of the overall settlement of all of Plaintiff's claims is fair and reasonable, requesting approval of the Agreement, and requesting that the Stipulation and Order of Dismissal attached as Exhibit A be "So Ordered" by the Court. In the event that additional documentation is needed to terminate the Lawsuit against the Defendants, Plaintiff shall execute and submit all documents required to terminate such proceedings. The parties agree to request that the Court retain jurisdiction over this matter for the purposes of any action to enforce the agreement.

10. **No Admissions**. This Agreement shall not be construed as an admission of fact or liability by any party. This Agreement and its contents shall not be admissible in any proceeding as evidence of any fact or conclusion, except only that this Agreement may be introduced in a proceeding arising from a breach of the Agreement.

11. **Severability**. If any term, provision, covenant or restriction contained in this Agreement, or any part thereof, is held by a court of competent jurisdiction, or any foreign, federal, state, county or local government or any other governmental regulatory or administrative agency or authority or arbitration panel, to be invalid, void or unenforceable or against public policy for any reason, the remainder of the

terms, provisions, covenants and restrictions in this Agreement shall remain in full force and effect.

12. **Governing Law**. This Agreement shall be governed by and enforced in accordance with the laws of the State of New York without regard to its conflicts of law principles. Plaintiff and Defendants (i) agree that any lawsuit, proceeding or action with respect to this Agreement may be brought only in a federal or state court within the State of New York, County of Westchester, (ii) accept unconditionally, the exclusive jurisdiction of such courts, and (iii) irrevocably waive any objection, including, without limitation, any objection to the laying of venue based on the grounds of *forum non conveniens*, which Plaintiff and Defendants may now or hereafter have to the bringing of any lawsuit, proceeding or action in those jurisdictions.

13. **Headings**. The headings in this Agreement are included for convenience of reference only and shall not affect the interpretation of this Agreement.

14. **Counterparts**. This Agreement may be executed and delivered with facsimile or electronic signature and in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

15. **No Other Assurances**. Plaintiff acknowledges that in deciding to sign this Agreement Plaintiff has not relied on any promises or commitments, whether spoken or in writing, made to Plaintiff by any person, except for what is expressly stated in this Agreement. This Agreement constitutes the entire understanding and agreement between Plaintiff and Defendants.

16. **Opportunity For Review; OWBPA**. Plaintiff represents and warrants that Plaintiff: (i) had at least twenty-one (21) days to consider this Agreement; (ii) read this Agreement; (iii) understands all the terms and conditions hereof; (iv) is not incompetent or had a guardian, conservator or trustee appointed for Plaintiff; (v) has voluntarily entered into this Agreement of Plaintiff's own free will and volition, without any coercion or duress; (vi) has duly executed and delivered this Agreement; (vii) has been specifically advised to consult with legal counsel of Plaintiff's choice and has done so; and (viii) understands that this Agreement is valid, binding and enforceable against the parties hereto in accordance with its terms. This Agreement is intended to comply with the Older Worker Benefits Protection Act. The Agreement specifically covers claims under the Age Discrimination in Employment Act. Plaintiff may revoke within seven (7) days of signing this Agreement by delivering written notice of revocation to Defendants' undersigned Counsel.

17. **Modification**. This Agreement may only be modified, altered or changed in writing, signed by the Parties.

6

18. **Signatories' Representations**. The individuals affixing their signatures to this Agreement represent and warrant that they have the authority to enter into this Agreement on their own behalf and/or on behalf of the entities they represent.

THEREFORE, the Parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: October 25, 2018

_____
Teresa Salvati

Dated: October 24, 2018

STILLWELL SUPPLY CO.

By: _____
Name: Robert Conforti
Title: President

Dated: October 24, 2018

STILLWELL EQUIPMENT CORP.

By: _____
Name: William Conforti
Title: President

Dated: October 24, 2018

_____
Robert Conforti

Dated: October 24, 2018

_____
William Conforti

7

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

TERESA SALVATI,

                Plaintiff,

    – against –

STILLWELL SUPPLY CO. d/b/a STILLWELL
EQUIPMENT CORP., and WILLIAM CONFORTI and
ROBERT CONFORTI, individually and in their capacity
as joint shareholders of Stillwell Equipment Corp,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**STIPULATION OF DISMISSAL**

Case No. 18-cv-03924-VB

    **IT IS HEREBY STIPULATED AND AGREED** by the parties, through their respective undersigned counsel, that this action is hereby dismissed in its entirety, with prejudice, and with each side bearing its own fees and costs.

    **IT IS FURTHER STIPULATED AND AGREED** that this Stipulation may be executed and delivered with facsimile or electronic signature and in two counterparts, each of which shall be deemed an original, but all of which together shall constitute one instrument.

Dated: October 18, 2018

SAPIR SCHRAGIN LLP                  DORF & NELSON LLP

By: _____     By: _____
    Howard Schragin                          Rod Biermann
    399 Knollwood Road, Suite 310          The International Corporate Center
    White Plains, New York 10603           555 Theodore Fremd Avenue
    (914) 328-0366                             Rye, New York 10580
    hschragin@sapirschragin.com            (914) 381-7600
    *Attorneys for Plaintiff*                       rbiermann@dorflaw.com
                                                            *Attorneys for Defendants*

So-Ordered

_____
Hon. Vincent L. Bricccetti, U.S.D.J.